828

5-3651                                            394 S. W. 2d 630

Opinion delivered October 18, 1965.

*M. V. Moody,* for appellant.

*Hubert E. Graves,* for appellee.

ED. F. McFADDIN, Associate Justice. After a trial on the merits before the Court (a jury having been waived), the appellee, Mrs. Varvil, was awarded a judgment against the appellant, Mr. Beavers, for $800.00; and on this appeal Mr. Beavers urges two points:

"I. The Lower Court Erred in the Construction Placed Upon the Memorandum of the Parties Under Date of October 29, 1963.

"II. The Court Erred in Denying Appellant's Motion for information with Reference to the Title to the Car."

We will consider these points in the order listed.

I.

Mrs. Varvil filed action against Mr. Beavers on a written instrument reading as follows:
"10-29-1963

"I, Buford Beavers, hereby agree to make good $800.00 hundred, or pay $800.00 cash, for 1959 Black, 4-door Cheve, owned by Mrs. Jean Varvil pay in cash November 4 or 5th, 1963. If anything happens to destroy

car I will still make full payment. /s/ Buford Beavers. 324 School St. NLR. Phone WI 5-1124."

Mrs. Varvil testified that she had been the owner of the Chevrolet car referred to in the instrument; that Mr. Beavers tested the car twice and agreed to buy it for $800.00 to be paid in one week; that he took possession of the car when he signed the written instrument; that she did not guarantee or warrant the car in any way; that on November 4th or 5th, 1963, she looked from her house and saw that Mr. Beavers had put the Chevrolet car in her yard; that she went out to inquire and he had driven away; that the car was still in her yard where he left it; and that he had not paid any part of the $800.00.

Mr. Beavers admitted his signature on the written instrument, but claimed an entirely different version of the affair. He testified that he never agreed to purchase the car; that he signed the instrument merely to get the car for a few days to test and also to see if he could sell a car he already owned; that he was unable to sell his car; and that he returned Mrs. Virvil's car to her and therefore owed her nothing.

These were the only two witnesses and their testimony presented a sharply disputed issue of fact. The Judge saw the parties; and he believed Mrs. Varvil's testimony. We cannot say that he was in error; so we find no merit in appellant's first point.

## II.

After Mrs. Varvil filed the action in the Circuit Court, Mr. Beavers filed a motion, which read:

"Defendant moves the Court for an Order directing plaintiff to file a more definite statement in his complaint in the following matters:

"(1) The name of the person who registered the motor vehicle as alleged in the Complaint, and registrations and certificates as shown with the Arkansas State Revenue Department.

"(2) The number of the license plates of the alleged motor vehicle as set out in plaintiff's complaint.

"(3) The Motor number of the vehicle as alleged in plaintiff's complaint."

The motion was overruled, and Mr. Beavers now claims error. There are several answers to Mr. Beavers' point, but we need not state them all. Mr. Beavers filed an answer in which his only defense was a breach of warranty and return of the car.[1] The motor number, the license number, and all the other requested information, had no direct bearing on his defense, either as stated in his answer, or as stated in his testimony at the trial. It is, therefore, clear that Mr. Beavers was not prejudiced in any way by the action of the Court in denying his motion.

Finding no error, the judgment is affirmed.

---

[1] This is the wording of the answer: "Comes the defendant, Buford Beavers, and states that at the time the agreement to purchase the automobile alleged in plaintiff's complaint, the plaintiff warranted such automobile to be in good mechanical condition, and that the defendant relied upon said warranty by the plaintiff. That immediately after accepting delivery of the said automobile, the defendant examined same and discovered that same was not as warranted by the said plaintiff; that thereupon defendant duly notified plaintiff that he refused to accept said automobile in its present condition and offered to return and tendered the same to plaintiff; and that plaintiff did accept same, and that said automobile has been, is now and has been in possession of plaintiff prior to the filing of plaintiff's complaint herein, and defendant has fully satisfied and discharged any claim against him by delivery and acceptance of said automobile by plaintiff herein."